**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAUWRENS WALOJO; LELIANA W WIJAYA KWO, | No. 09-70389 |
| Petitioners, | Agency Nos.    A095-302-530 |
| | A095-302-531 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Lauwrens Walojo and Leliana W. Wijaya Kwo, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA")

dismissal of their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2007), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider petitioners' contentions based on business ownership and having a child born and raised in the United States, because they failed to raise these issues before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the BIA's finding that, even under a disfavored group analysis, petitioners failed to establish sufficient individualized risk to establish a well-founded fear of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (no finding of individualized risk where petitioner only encountered a "chance" threat, continued to work and attend school after the threat, and did not show any harm to the family that remained in Indonesia). Thus, petitioners' asylum claim fails.

Because petitioners have not established eligibility for asylum, they cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the BIA's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th. Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**